*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALVIN HOWARD, | |
| Plaintiff, | Civil Action No. 14-214 (PGS) |
| v. | OPINION |
| MERCER CNTY. JAIL MEDICAL DEP'T., et al., | |
| Defendants. | |

**SHERIDAN**, District Judge:

Plaintiff Alvin Howard ("Plaintiff"), a prisoner currently confined at Southern State Prison in Delmont, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Mercer County Jail Medical Department and New Jersey Department of Corrections Medical Department.[1] The following factual allegations are taken from the complaint and are accepted for

---

[1] Plaintiff also identifies Brian Hughes as a defendant in the caption of the Complaint, however the

purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On January 24, 2012, Plaintiff alleges that he entered Mercer County Correctional Facility with a fractured right pinky finger. (Compl. ¶6.) He gave the medical staff his prescription for Motrin and informed them that the Motrin may not be sufficient for his pain. (*Id.*) He states that he was seen by both a nurse and doctor on the day he entered the facility and the doctor allegedly scheduled an appointment with an orthopedic surgeon for February 15, 2012. (*Id.*) For the next week, Plaintiff alleges that he was in a great deal of pain and complained daily. (*Id.*) On January 31, 2012, Plaintiff was transferred to the Central Reception and Assignment Facility, operated by the New Jersey Department of Corrections. (*Id.*) Plaintiff was examined by a doctor upon his arrival and was informed that there were no notations in his record regarding an appointment with an outside physician. (*Id.*) Plaintiff states that the doctor at CRAF did not provide him with any treatment. (*Id.*) Plaintiff states that his pinky finger healed improperly and he is unable to use his right hand. (*Id.*) Plaintiff also states that he has "several infections" on his hand due to the medical staff not cleaning the infected areas properly. (*Id.*) Plaintiff is seeking monetary and declaratory relief. (*Id.* at ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress

---

body of the Complaint contains no allegations against said defendant. Therefore, he will be dismissed without prejudice.

against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915 and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Analysis

In the Complaint, Plaintiff makes allegations against only the Mercer County Jail Medical Department and the New Jersey Department of Corrections Medical Department. However, neither entity is a "person" amenable to suit under 42 U.S.C. § 1983. *See, e.g., Parrish v. Aramark Foods, Inc.*, No. 11-5556, 2012 WL 1118672, at *3 (D.N.J. April 2, 2012) (collecting cases) (a jail is not a "person" amenable to suit under § 1983); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (New Jersey Prison Medical Department is not a "person" under § 1983). As such, these Defendants will be dismissed with prejudice.

Even if this Court were to liberally construe the Complaint as alleging claims against the two doctors who examined Plaintiff, the Complaint would still be dismissed. To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of

serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir.1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001).

In this case, Plaintiff has failed to allege facts showing deliberate indifference on the part of either doctor. Plaintiff states that he provided his prescription for Motrin to the medical staff at Mercer County Jail upon his arrival and there is no indication that he was denied pain medication. Plaintiff was seen promptly at both facilities by doctors and his finger was examined. Though the doctor at the jail informed Plaintiff that he would be seen by an outside orthopedic surgeon and he was transferred before he could attend that appointment, Plaintiff was nevertheless examined by a physician upon his arrival at CRAF. There are no facts alleged to indicate that the doctor at CRAF felt Plaintiff should see an orthopedic surgeon but denied treatment for non-medical reasons. "[M]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional

5

violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (internal citations and quotations omitted). Finally, Plaintiff alleges that the medical staff failed to clean his "infected areas" properly, however negligence or medical malpractice does not constitute deliberate indifference.

### III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3] An appropriate order follows.

Dated: 9/12/14

_____
Peter G. Sheridan, U.S.D.J.

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and Acannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].@ 6 Wright, Miller & Kane, *Federal Practice and Procedure* ' 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

6